# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| LAURIE ANN MURRAY, ) <br> ) <br> Claimant, ) <br> ) <br> vs. ) <br> ) <br> NANCY BERRYHILL, Acting ) <br> Commissioner, Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case No. 5:17-cv-373-CLS |

## MEMORANDUM OPINION AND ORDER

Claimant, Laurie Ann Murray, commenced this action on March 9, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case should be remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant asserts that the Commissioner's decision was neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant argues that the ALJ improperly considered her failure to obtain additional medical treatment, and that the ALJ's residual functional capacity finding was not supported by substantial evidence. Upon review of the record, the court concludes that claimant's contentions have merit.

The ALJ found that, even though claimant suffered from the severe impairments of benign paroxysmal vertigo and depression, she retained

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[,] except that she can occasionally balance, and frequently stoop, kneel, crouch, crawl, and climb ramps and/or stairs, but no ladders, ropes, or scaffolds. She should avoid concentrated exposure to cold temperature extremes and pulmonary irritants. The claimant should avoid dangerous, moving, unguarded machinery and unprotected heights. She can understand, remember, and carry out simple instructions and tasks and concentrate and/or remain on tasks for 2 hours at a time, sufficiently to complete an 8-hour workday. She is limited to jobs involving infrequent and well explained work place changes and to casual non-intensive interaction with co-workers and the general public.

Tr. 40 (alteration supplied). Because an individual with that residual functional capacity would be capable of performing claimant's past work as a

housekeeper/cleaner, the ALJ found that claimant was not disabled.[1]

To demonstrate that a subjective symptom — like the vertigo that claimant allegedly experiences — renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged [symptoms] arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged [symptoms].'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).[2] "After considering a claimant's complaints of [subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (alteration supplied). If an ALJ discredits a claimant's testimony regarding subjective limitations, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, but that claimant's

---

[1] Tr. 45-46.

[2] Claimant does not argue on appeal that the ALJ should have found her to be disabled as a result of depression.

statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully credible. One reason cited by the ALJ for not fully crediting claimant's complaints was her limited treatment history for vertigo symptoms.[3] During the administrative hearing, claimant testified that she had not found a primary care doctor because she did not have health insurance or Medicaid coverage. The ALJ then inquired as to whether claimant had applied for benefits under the Affordable Care Act. Claimant responded that she had inquired about those benefits, but she was told that she was not eligible because she had not been working. *See* 42 U.S.C. § 18071(b) (defining the term "eligible insured" as an individual "whose household income exceeds 100 percent but does not exceed 400 percent of the poverty line for a family of the size involved"). Claimant also testified that she had not applied for a "charity care" program, and she did not avail herself of employment services available through the mental health center because she felt that she was unable to work. She also did not seek to obtain any of her medications under a payment assistance plan, and she did not inquire as to whether the medications might be available at a discounted rate.[4] She testified that she could not pay for health insurance, and she did not have anyone to help her with the payments.[5] The ALJ's

---

[3] *See* Tr. 43 ("The claimant alleges having vertigo 24 hours a day 7 days a week. However, the record does not show any treatment since her emergency department intervention in April 2014.").

[4] Tr. 62-66.

[5] Tr. 67.

administrative decision stated:

> The claimant alleges not being able to afford medications or medical treatment. While financial constraints may make medical intervention and compliance more difficult, a lack of health insurance does not equate to a finding of disability. Moreover, the evidence reveals the claimant did not exhaust all efforts to seek treatment, with no visits to free or subsidized clinics. However, Wellness Mental Health records indicate that the claimant was informed of these services.

Tr. 44.

Claimant asserts that the ALJ was wrong to consider her failure to obtain health care coverage, because she was not eligible for coverage under the Affordable Care Act, or for participation in the charity care programs discussed by the ALJ. The Commissioner conceded that argument in her brief.[6] Even so, the Commissioner argues that the ALJ's error was harmless "because the ALJ also cited *a proper reason* for discrediting [claimant's] complaint."[7] Specifically, the Commissioner asserts that "[t]he proper reason the ALJ provided is that Plaintiff's subjective complaints were inconsistent with her reported activities."[8] *See* 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" first among the factors the Social Security Administration will consider in evaluating a claimant's subjective symptoms).

The ALJ found:

---

[6] Doc. no. 10 (Commissioner's Brief), at 8 ("Plaintiff is correct that the ALJ erred in citing her lack of treatment as a reason for discrediting her subjective complaints.").

[7] *Id.* (alteration and emphasis supplied).

[8] *Id.* (alteration supplied).

5

> The claimant testified that she is not able to sit for prolonged periods and only being able to watch television for about 30-60 minutes if there is not much movement because[,] otherwise, it would cause her to have vertigo symptoms. However, the record shows that the claimant reported [on] several occasions that she spends her time using a computer, playing video games on a computer and crafting . . . . Playing video games requires the ability to be responsive to instructions in order to navigate through the complexities of each level in order to achieve a specific goal. Additionally, video games typically require both situational and spatial awareness to avoid the hazards presented in the game. Crafting would also involve sitting for prolonged periods, as well as maintaining concentration, attention and focus.

Tr. 43-44 (alterations and ellipsis supplied). The ALJ also noted that, despite claimant's alleged difficulty being around other people, she was accompanied by her sister and partner to appointments, and she traveled to Illinois to retrieve some belongings.[9] In addition to watching television, using the computer, playing video games, and crafting, claimant also was able to care for pets, manage her personal care, prepare simple meals, help with household chores, ride in a car, leave home, shop in stores, and manage her finances. The ALJ considered all of those activities to be "consistent with the ability to perform a range of light work," and "contradictory to the claimant's allegation that she is unable to work in any capacity."[10]

The court is not convinced by the Commissioner's argument that claimant's daily activities are sufficient, standing alone, to undercut her subjective allegations

---

[9] Tr. 44.

[10] *Id.*

of disabling symptoms. As an initial matter, there is little evidence regarding the kinds of computer games that claimant played, the nature of the crafting activities in which she engaged, or the amount of time she spent performing either of those activities. Sporadic gaming or crafting activities might not be inconsistent with claimant's complaints. The other activities described by claimant are minimal and do not support claimant's ability to work on a regular basis. *See Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997) (disavowing the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability"). Even though a claimant's daily activities are a permissible consideration for evaluating the claimant's credibility, *see* 20 C.F.R. § 404.1529(c)(3)(i), the limited activities in which the present claimant engaged should not have been the *only* consideration.

The only other reason the ALJ provided for failing to fully credit claimant's subjective complaints is that claimant "worked only sporadically prior to the alleged disability onset date, which raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments . . . ."[11] A claimant's work history prior to disability onset is a permissible factor to consider in evaluating the claimant's credibility. 20 C.F.R. § 404.1529(c)(3). Even so, it is debatable whether "sporadic" is an appropriate adjective to describe claimant's work history. Claimant

---

[11] *Id.*

worked every year from 1996 to 2001, and from 2003 to 2011, but her earnings never exceeded $10,000, and sometimes were below $3,000.[12]  Regardless of whether that work history was fairly characterized as "sporadic," it is not sufficient — either standing alone or considered in conjunction with claimant's limited daily activities — to provide substantial evidence for the ALJ's decision to not fully credit claimant's subjective complaints.

Because the ALJ's evaluation of claimant's history of medical treatment was admittedly improper, and because the other reasons the ALJ provided for rejecting claimant's subjective statements were not sufficient, either standing alone or considered in combination, the ALJ's residual functional capacity finding was not supported by substantial evidence.  Remand is warranted for further development of the record (within the proper legal framework) with regard to the functional effects of claimant's impairments.

The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this opinion.

The Clerk of Court is directed to close this file.

---

[12] Tr. 198.

DONE this 27th day of October, 2017.

　　　　　　　　　　　　／s/ Lynwood Smith
　　　　　　　　　　　　United States District Judge